**Laura Aguilar LAGUNAS, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 06–72304.

United States Court of Appeals, Ninth Circuit.

Submitted July 29, 2009.*

Filed July 31, 2009.

Juan C. Ruvalcaba, Esquire, Law Offices of Juan C. Ruvalcaba, Fullerton, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Laura M.L. Marol-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.   R.App. P. 34(a)(2).

dy, Trial, U.S. Department of Justice, Washington, DC, for Respondent.

Before: WALLACE, LEAVY, and HAWKINS, Circuit Judges.

### MEMORANDUM **

Laura Aguilar Lagunas, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for cancellation of removal and voluntary departure. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000), and we deny in part and dismiss in part the petition for review.

Aguilar Lagunas' due process contention, based upon the IJ's denial of cancellation of removal on moral character grounds, fails for lack of prejudice because the IJ independently denied cancellation of removal on hardship grounds, *see Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000), and the record reflects that Aguilar Lagunas had a "reasonable opportunity to present evidence" regarding hardship to her daughter, *see Colmenar*, 210 F.3d at 971.

To the extent Aguilar Lagunas' due process claim rests upon the IJ's denial of voluntary departure on moral character grounds, we lack jurisdiction because Aguilar Lagunas failed to exhaust this argument to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**